```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
PAUL REMBERT,                                                 :
                                                              :
                              Plaintiff,                      :
                                                              :
              -v-                                             :
                                                              :
KEVIN CHEVERKO, COMMISSIONER                                  :
OF THE WESTCHESTER COUNTY                                     :
DEPARTMENT OF CORRECTIONS, et al.,                            :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: November 9, 2015

12-cv-9196 (KBF)

MEMORANDUM OPINION
& ORDER

KATHERINE B. FORREST, District Judge:

On October 5, 2015, plaintiff brought a motion to compel 1) a new, properly prepared 30(b)(6) witness to testify as to internal communications regarding plaintiff; 2) defendant's written policies and procedures governing the provision of medical and nursing care at the Westchester County Department of Corrections; and 3) production of investigation documents relating to grievances made by other inmates against these defendants for failure to provide medical care. (ECF No. 190.)  On October 9, 2015, this Court granted plaintiff's motion in its entirety, and ordered defendant to pay costs that plaintiff has occurred in bringing its discovery motion, including reasonable attorney's fees and other costs associated with the deposition of the previous, unprepared 30(b)(6) witness, Peter Gavin. (ECF No. 194.)

Before this Court is a letter from defendants dated October 27, 2015, which argues that the attorney's fees plaintiff seeks to recover are unreasonable. (ECF

No. 198.) Plaintiff responded on October 30, 2015. (ECF No. 200.) After considering both parties' arguments, the Court finds that plaintiff's fee request is fair and reasonable and hereby DENIES defendant's request for a reduction.

I.  OVERVIEW

After this Court ordered defendants to pay costs that plaintiff incurred in bringing its October 5, 2015 motion to compel, plaintiff's counsel provided defendants with a table listing itemized fees. Plaintiff sought the reimbursement of fees based on the billing rates of two experienced associates at Patterson Belknap Webb & Tyler, a New York City law firm, at $660 per hour for Mr. Jonathan Hatch and $620 per hour for Mr. Alejandro Cruz. The fee table consisted of: Mr. Hatch's attending the Gavin deposition (2.2 hours), Mr. Hatch's review of deposition transcript for drafting motion to compel (0.9 hours), Mr. Cruz's drafting of motion to compel (6.2 hours), Mr. Hatch's review and finalizing the motion to compel (3.7 hours), and a $985 transcript fee. The total was $9,317.50. (Defs.' Ltr. Oct. 27, 2015 (ECF No. 198), at 4.)

Defendants primarily argue that the billing rates for Mr. Cruz and Mr. Hatch are those "paid by . . . affluent corporate clients" and therefore too high for this civil rights case for which "there is nothing exceptionally difficult or complex." (Id. at 2-3.) Defendants also argue that the combined 10.8 hours that plaintiff listed for preparing the motion to compel is too high, and that it is inappropriate for plaintiffs to seek recovery for Mr. Cruz's time since he did not attend the Gavin deposition. (Id. at 1, 3.)

II.     DISCUSSION

Defendants argue that plaintiff seeks recovery for billing rates that are far higher than the prevailing rate for civil rights attorneys in the New York region and are "nearly double what Courts have awarded highly experience[d,] well-known partner level civil rights litigators." (Id. at 3.)  Defendants also note that cases such as this action are not so complex as to require even top-line rates for civil rights attorneys.

In the specific context here, the fees sought at the rates sought are appropriate.  The submissions make it clear that the fees sought by plaintiff's counsel have already been significantly reduced.  They do not include: time spent preparing for or traveling to the deposition, review by the supervising partner, or time spent preparing motions to compel leading up to the deposition. (See Pl.'s Ltr. Oct. 30, 2015 (ECF No. 200) at 3.)

Furthermore, as set forth in the Court's Order granting the sanctions, shifting positions by defendants have required significant diligence and persistence by plaintiff's counsel.  Defendants' conduct made the issues necessary to resolution of this motion "difficult" and "complex" by repeatedly withholding documents. (See Mem. Op. & Order, Oct. 9, 2015 (ECF No. 194).)  This conduct further supports the reasonableness of plaintiff's counsel's fees.  See, e.g., Port Auth. Police Asian Jade Soc. of N.Y. & N.J. Inc. v. Port Auth. of N.Y. & N.J., 706 F. Supp. 2d 537, 541 (S.D.N.Y. 2010) (taking into account extensiveness of discovery in approving fees sought by commercial litigation firm in an Title VII suit); see also Arbor Hill

3

Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2008).

Defendants also contend that it is unreasonable for plaintiff to seek reimbursement for 10.8 hours of attorney's fees for preparing its October 5, 2015 motion to compel, because "most of [the motion] involved disputes unrelated to the Gavin deposition." (Def.'s Ltr. Oct. 26, 2015 (ECF No. 198), at 3.) This Court, however, never limited the costs award to solely those fees associated with the deposition. Rather, the Court's order clearly states, "As plaintiff should not have to have made this motion given the Court's prior rulings and warnings, defendants shall pay the costs plaintiff has incurred in bringing this motion." (Mem. Op. & Order, Oct. 9, 2015 (ECF No. 194) at 9.) Defendant presents no other argument as to why 10.8 hours is unreasonable: plaintiff's counsel had to review the Gavin deposition transcript, examine the evidence as to defendant's failure to produce, and draft the motion as to three separate discovery issues. (See Pl.'s Ltr. Oct. 30, 2015 (ECF No. 200) at 3.)

Defendants also argue that it is inappropriate for plaintiff to seek reimbursement of Mr. Cruz's time because he was not in attendance at the Gavin deposition. (See Defs.' Ltr. Oct. 27, 2015 (ECF No. 198), at 1.) However, plaintiff's fee table makes it clear that he is only seeking reimbursement for the time Mr. Cruz spent drafting the motion to compel, not for attending the deposition. (Id. at 4.)

4

Finally, the Court has specifically reviewed the fees and costs and finds them to reasonably reflect the time necessary for the tasks indicated.

III.   CONCLUSION

For these reasons, defendant's letter request to reduce the plaintiff's fee amount is DENIED.

SO ORDERED.

Dated:     New York, New York
           November 9, 2015

_____
KATHERINE B. FORREST
United States District Judge