**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

December 23, 2015

Jonathan Hatch
Associate
(212) 336-7625
jhatch@pbwt.com

**By ECF**

Hon. Katherine B. Forrest
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Rembert v. Cheverko*, 12-cv-9196 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

  We are *pro bono* counsel representing Plaintiff Paul Rembert in this action, and we write in response to Defendants' request that Plaintiff and his counsel bear the costs of Defendants' summary judgment papers.  *See* ECF 227.

  Defendants submit that they should receive costs because no "new facts or evidence [have] come to light" since they wrote to Plaintiff on November 16, 2015 requesting that all claims be discontinued.  Accordingly, Defendants argue, they should not have been forced to prepare and file summary judgment papers before Plaintiff discontinued his claims.  *Id.*

  Defendants are mistaken.  Plaintiff has elected to discontinue his claims based on newly discovered evidence that came to light in December 2015 as a result of his own discovery efforts. Plaintiff proceeded in good faith throughout the litigation and, upon receipt of the new evidence, immediately provided a copy to Defendants.  Plaintiff even offered Defendants' counsel the option of delaying further work on summary judgment motions to avoid unnecessary costs while the new evidence was evaluated.  Defendants declined and elected to proceed with their summary judgment motion regardless.  Plaintiff's decision to discontinue now is unrelated to that motion.  To the extent Defendants refuse to stipulate to dismissal of Plaintiffs' remaining claims, Plaintiff respectfully requests that the Court dismiss those claims with prejudice and without findings or costs as to either party pursuant to Fed. R. Civ. P. 41(a)(2).

  By way of background, Plaintiff's decision to voluntarily dismiss his remaining claims is based on medical records produced to Plaintiff immediately prior to the filing of Defendants' motion for summary judgment.  On November 11, 2015, Plaintiff deposed Dr. Richard Magill, an orthopedic surgeon who consulted with Plaintiff regarding his broken wrist in November 2012. That deposition was requested by Plaintiff.  *See* Ex. 1 (Magill Subpoena).  During that deposition, Dr. Magill testified that Westchester Medical Center possessed an X-ray dating to 2002 that showed, according to Dr. Magill, "a chronic scaphoid lunate ligament injury and a radial styloid fracture" of Plaintiff's left wrist.  *See* Ex. 2 (Magill Dep.) at 44:11–19, 45:15–17.

Dr. Magill testified, however, that he had not reviewed the X-ray recently. *Id*. at 46:15–24. Neither party had previously been aware that Westchester Medical Center possessed any relevant records, and Plaintiff had no recollection of any injury to his left wrist in 2002 or of having ever been diagnosed with an injury to his left wrist at any time prior to the events at issue in this lawsuit.

      Plaintiff then issued a subpoena to Westchester Medical Center requesting all medical records. *See* Ex. 3 (11.17.2015 WMC Subpoena). At approximately the same time, Defendants issued their letter requesting that Plaintiff dismiss all of his claims. *See* ECF No. 227 (11.16.2015 Murtagh Ltr.) Plaintiff responded by agreeing to dismiss his medical malpractice claims against Defendants Michael Kelly and Marcella King-Bogle, but refused to dismiss his remaining claims at that time without receiving the 2002 X-ray, and further explained his basis for proceeding on the remaining claims. Ex. 4 (11.25.2015 Hatch Ltr.)

      After the close of business on December 1, 2015 (three days before summary judgment papers were due in this action), Westchester Medical Center produced several X-ray images to Plaintiff. The next day, Plaintiff provided the X-rays to Defendants and offered to stipulate to an extension of the summary judgment schedule pending the parties' medical evaluation of the newly-produced evidence. *See* Ex. 5 (12.2.2015 Cruz Email).[1] Defendants never responded to Plaintiff's offer. Instead, Defendants filed for summary judgment two days later, saying nothing about the newly discovered X-ray films.

      Plaintiff promptly investigated the X-ray film, which indicates that he suffered an injury to his left wrist in or prior to 2002. Plaintiff does not recall being informed of any such injury, and indeed, the report attached to the X-ray did not mention the wrist injury or suggest in any way that Mr. Rembert was informed about any such injury. *See* Ex. 6 (8.21.2015 X-ray report). Nonetheless, in light of this new information and after conferring with counsel, Plaintiff decided to dismiss his remaining claims, and provided Defendants with a stipulation of voluntary dismissal on December 16, 2015. *See* ECF No. 226-1.

      Defendants also argue that Plaintiff improperly requested redactions to Defendants' summary judgment briefing. But those redactions were necessitated by Defendants' failure, in violation of the Confidentiality Order in this action, *see* ECF No. 156, to redact numerous references to Defendants' Protected Health Information that had no bearing on his claims. Removing these references from the public docket was Defendants' obligation. Notably, at Defendants' request, Plaintiff's counsel identified all necessary redactions, thus bearing the substantial burden of reviewing the filings for Protected Health Information. *See* Ex. 7 (12.8.2015 Richie Email).

---

[1] As noted in that correspondence, Westchester Medical Center informed Plaintiff that Defendants had received copies of these X-rays on November 23, 2015. If Westchester Medical Center's representations are accurate, Defendants were in possession of the X-rays nearly two weeks prior to filing their motion for summary judgment and did not disclose them to Plaintiff. Instead, it appears, Defendants voluntarily elected to proceed with work on their summary judgment motion.

      For the foregoing reasons, Defendants' request for costs associated with their motion for summary judgment is unwarranted. Plaintiff acted in good faith in pursuing his claims and then promptly dismissed them upon discovery of new information after immediately apprising Defendants of the same. Plaintiff therefore requests that the Court dismiss all remaining claims, with prejudice and without findings or costs as to either party.

                                      Respectfully submitted,

                                      Jonathan Hatch

cc:      John M. Murtagh (by ECF)