**GAINES, NOVICK, PONZINI, COSSU, & VENDITTI, LLP**
ATTORNEYS AT LAW
11 Martine Avenue, 8TH Floor
WHITE PLAINS, NEW YORK 10606
(914) 288-9595
FAX (914) 288-0850
*Service Not Accepted by Fax*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 29, 2015
```

December 23, 2015

Hon. Katherine B. Forrest
United States District Court
500 Pearl Street
New York, NY 10007-1312

**Rembert v Cheverko, No.: 12-cv-9196 (KBF)**

Your Honor:

  As you are aware, this office represents the defendants in this matter.

  We write in reply to Jonathan Hatch's letter to the court of this date which responds to our's of December 21, seeking the cost of what should have been an unnecessary motion for summary judgment motion.

  Mr. Hatch disingenuously claims that plaintiff's decision to discontinue his remaining claims was motivated by recently discovered evidence of x-rays from 2002 showing a prior left wrist injury. This claim ignores the fact that defendant's Rule 11 letter and their motion were based not on this "newly discovered" evidence but on the much more pertinent fact that the single remaining individual defendant alleged to have been deliberately indifferent and to have committed malpractice, Michael Kelly, R.N., demonstrably never even treated the plaintiff. Once discovery definitively determined that Kelly never treated plaintiff, there was no basis remaining for plaintiff's constitutional deliberate indifference claim against Kelly or his related "Monell" claim or his state law malpractice claim against Kelly and Correct Care Solutions, LLC ("CCS").

  Plaintiff had all of this evidence (or lack of evidence) before him and all of the information necessary to determine that his claims lacked any remaining merit well before receiving the 2002 x-rays. Those x-rays were wholly irrelevant to whether the claims had any merit and were, at best, the proverbial cherry on the sundae.

  Thus, Hatch's suggestion that defendants jumped the gun by adhering to the court ordered schedule for filing a summary judgment motion by December 4 is simply wrong.

Defendants had every basis for their motion regardless of the Magill testimony and the 2002 records and no reason not to file the motion or to seek an extension from the Court.[1]

Hatch also states that defendants "argue that Plaintiff improperly requested redactions to Defendant's summary judgment briefing." Again, Hatch misleads. We, in fact, immediately consented to the request for additional redactions and our only objection, set forth in our December 21 letter, is that plaintiff's counsel insisted that defendants and this office jump through this additional hoop when, it is now obvious, they were preparing to drop the case entirely.

In conclusion, plaintiff and his counsel had all of the evidence and information necessary to decide to discontinue well before receiving the 2002 x-rays. They knew that they had no claims against Kelly and, therefore, against CCS for his actions. They knew that they had actually pled nothing affirmative against NYCCS, P.C. and they knew that their own expert had testified at length at his deposition that the care set forth in the records was all within the standard of care and that the only testimony their expert gave of departures was when he was asked questions based on conjecture and hypotheticals not supported by the evidence.

We again request an order dismissing all remaining claims with prejudice and with an award of costs for the needless summary judgment motion in an amount to be determined.

Respectfully,

John M. Murtagh

JMM/ws

cc: Patterson Belknap Webb & Tyler

ORDERED:
Motion for fees and costs denied. Plaintiff has proffered a sufficient explanation for withdrawal of his claims.

12/29/2015         KATHERINE B. FORREST
                   United States District Judge

---

[1] We also dispute the inference in the December 2 e-mail of Alejandro Cruz attached to Hatch's letter suggesting that we had a CD of the 2002 x-rays on November 23 and failed to turn them over to plaintiff. In fact, we had no such images and did not receive such until they were produced by plaintiff on the eve of the motion deadline.